**OLIVAREZ MADRUGA LEMIEUX O'NEILL, LLP**
Thomas M. Madruga – SBN 160421
tmadruga@omlolaw.com
Brent J. Lehman – SBN 282149
blehman@omlolaw.com
500 South Grand Avenue – 12th Floor
Los Angeles, CA 90071
Tel: (213) 744-0099
Fax: (213) 744-0093

Attorneys for Defendants,
OFFICER DURAN, OFFICER
RANEER, and CITY OF EL MONTE

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE MONTES, | Case No.: |
| Plaintiff, | |
| vs. | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)** |
| OFFICER DURAN, #673; OFFICER RANEER, #664; CITY OF EL MONTE; and DOES 1-50, inclusive, | LASC Case No: 19 STCV 47013 |
| Defendants. | Complaint Served: January 8, 2020 |

**NOTICE OF REMOVAL**

**TO THE CLERK OF ABOVE ENTITLED COURT AND ALL PARTIES:**

**PLEASE TAKE NOTICE THAT** Defendants, CITY OF EL MONTE, OFFICER DURAN and OFFICER RANEER (Defendants") hereby remove this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California and set forth the following in support of their Notice of Removal of Action:

1.      On December 31, 2019 this action was commenced in the Superior Court of the State of California, County of Los Angeles, entitled LEE MONTES, OFFICER DURAN, #673; OFFICER RANEER, #664; and CITY OF EL MONTE, Case No. 19 STCV 47013.  True and correct copies of the Complaint and Summons in that action, served on the City of El Monte on January 8, 2020, are attached hereto as Exhibit A.

2.      The Complaint alleges claims pursuant to 42 U.S.C. § 1983.  Thirty days have not elapsed since Defendants were served with the Complaint on January 8, 2020, and one year has not elapsed since the commencement of this action.  Defendants have not yet answered or pled responsively to the Complaint.

3.      Pursuant to 28 U.S.C. § 1441(a), Defendants may remove to the District Court of the United States, for the district and division embracing the place where such action is pending, any civil action brought in a state court of which the district courts of the United States have original jurisdiction.  Removal to this Court is proper as the Superior Court of the State of California, County of Los Angeles, where this action was originally filed, is located within this district.  Pursuant to 28 U.S.C. § 1441(b), any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

4.      By virtue of 28 U.S.C. §§ 1331 and 1343(a), the United States District Court has original jurisdiction of any civil action for a claim under 42 U.S.C. § 1983. Section 1983 does not expressly prohibit removal and the existence of concurrent

**NOTICE OF REMOVAL**

jurisdiction in the state court over claims under 42 U.S.C. § 1983 is insufficient to defeat the right of removal granted the Defendants under 28 U.S.C. § 1441.

5.    This Court has supplemental jurisdiction over any state law claims which derive from a common nucleus of operative fact with the Federal law claims.  (*United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.E.2d 218 (1966).)

6.    By virtue of the foregoing, Defendants hereby remove this action to the United States District Court for the Central District of California.

7.    Counsel for Defendants certifies that it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles, and give notice of same to counsel for Plaintiffs.  True and correct copies of the Notice of Removal to the Superior Court of the State of California, County of Los Angeles is attached as Exhibit B.

Dated: January 15, 2020              **OLIVAREZ MADRUGA LEMIEUX O'NEILL, LLP**


By:   /s/ Brent J. Lehman
        Brent J. Lehman
**Attorneys for Defendants, OFFICER DURAN, OFFICER RANEER, and CITY OF EL MONTE**

# EXHIBIT A

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Yolanda Orozco

Kevin S. Conlogue, SBN 285277
(Kevin@LOKSC.com)
**THE LAW OFFICE OF KEVIN S. CONLOGUE**
292 S. La Cienega Blvd., Ste. 207
Beverly Hills, CA 90211
Tel:    (213) 255-8837
Fax:    (213) 477-2069

Attorney for Plaintiff
LEE MONTES

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| LEE MONTES,<br><br>        Plaintiff,<br><br>v.<br><br>OFFICER DURAN, #673; OFFICER RANEER, #664; CITY OF EL MONTE; and, DOES 1-50, inclusive,<br><br>        Defendants. | CASE NO.: 19STCV47013<br>Dept.<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**(1) Civil Rights Violations (42 U.S.C. § 1983)**<br>**(2) *Monell* Claim (42 U.S.C. § 1983)**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff, LEE MONTES, for causes of action against Defendants, OFFICER DURAN, #673; OFFICER RANEER, #664; CITY OF EL MONTE; and, DOES 1-50, inclusive, and each of them, complains and alleges as follows:

### NATURE OF THE ACTION

1.     This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the September 30, 2018, encounter between Defendants and Plaintiff.

### JURISDICTION AND VENUE

2.     Plaintiff is informed and believes, and thereupon alleges, venue lies properly with this Court, as it is the place where at least one Defendant resides, is incorporated, or has its principal place of business, a substantial amount of the events which give rise to this suit occurred

**COMPLAINT FOR DAMAGES**

1    and/or a cause of action arose.

2        3.    Plaintiff is informed and believes, and thereupon alleges, jurisdiction lies properly

3    with this Court, as the economic and non-economic damages caused to Plaintiff exceeds Twenty-

4    Five Thousand Dollars ($25,000.00).

5                                        **THE PARTIES**

6        4.    At all times herein relevant, Plaintiff, LEE MONTES ("Plaintiff"), an individual, is

7    and was a resident of the County of Los Angeles, State of California.

8        5.    At all times herein relevant, Plaintiff is informed and believes, Defendant CITY OF

9    EL MONTE ("CITY"), is and was a duly organized public entity, form unknown, existing under

10   the laws of the State of California.  At all times herein mentioned, Defendant CITY has possessed

11   the power and authority to adopt policies and prescribe rules, regulations and practices affecting

12   the El Monte Police Department ("EMPD"), and particularly said Department's Patrol, Internal

13   Investigations and Training, and Personnel Divisions and other operations and subdivisions

14   presently unidentified to Plaintiff, and their tactics methods, practices, customs and usages.

15       6.    At all relevant times, CITY was the employer of Defendants OFFICER DURAN,

16   #673, OFFICER RANEER, #664, and, DOES 1-50, inclusive, and said individuals were

17   employees and agents of CITY and EMPD.

18       7.    At all relevant times, Defendants OFFICER DURAN, #673, OFFICER RANEER,

19   #664, and, DOES 1-50, inclusive, and each of them, were duly authorized employees and agents

20   of the CITY, who were acting under color of law within the course and scope of their respective

21   duties as Police Officers and with the complete authority and ratification of their principal,

22   Defendant CITY.

23       8.    At all times relevant, Defendants OFFICER DURAN, #673, OFFICER RANEER,

24   #664, and, DOES 1-50, inclusive, and each of them, were duly appointed officers and/or

25   employees or agents of CITY, subject to oversight and supervision by CITY's elected and non

26   elected officials.

27       9.    At all times mentioned herein, each and every defendant was the agent of each and

28   every other defendant and had the legal duty to oversee and supervise the hiring, conduct and

---

— 2 —

**COMPLAINT FOR DAMAGES**

6

1    employment of each and every defendant herein.

2         10.    The true names of defendants DOES 1 through 50, are unknown to Plaintiff, who

3    therefore sues these defendants by such fictitious names.  Plaintiff will seek leave to amend this

4    complaint to show the true names and capacities of these defendants when they have been

5    ascertained.  Each of the fictitious named defendants is responsible in some manner for the

6    conduct and liabilities alleged herein.

7         11.    In doing the acts and failing and omitting to act as hereinafter described,

8    Defendants OFFICER DURAN, #673, OFFICER RANEER, #664, and, DOES 1-50, inclusive,

9    and each of them, were acting on the implied and actual permission and consent of CITY.

10        12.    Defendants, and each of them, did the acts and omissions hereinafter alleged

11   wilfully, intentionally, maliciously, in bad faith and with knowledge that their conduct violated

12   well established and settled law.

13                    **GENERAL ALLEGATIONS**

14        13.    Plaintiff re-alleges and incorporates herein by reference each and every allegation

15   and statement contained in the prior paragraphs, as though fully set forth herein.

16        14.    On or about September 30, 2018, at around 11:00 a.m., Plaintiff was in the driver's

17   seat in a private parking lot, not a highway, located at The M Motel located at 10024 Valley

18   Boulevard in the City of El Monte.  Without reason or lawful purpose, Defendant OFFICER

19   DURAN, #673, drives his patrol car into the private parking lot blocking Plaintiff in a parking

20   space.  Defendant OFFICER DURAN, #673, begins to yell at Plaintiff out of his window, so

21   Plaintiff exits his vehicle with his identification and bill of sale for the vehicle.  Defendant

22   OFFICER DURAN, #673, continues to yell at Plaintiff, and Plaintiff responds "its not stolen,"

23   referring to the vehicle.  Defendant OFFICER DURAN, #673, then exits his vehicle with his gun

24   drawn for no lawful purpose as Plaintiff was not posing a threat or conducting an illegal activity.

25   Defendant OFFICER DURAN, #673, then yelled at Plaintiff to get on the ground, and Plaintiff

26   responded that he was placing his hands on his vehicle, and as Plaintiff is doing so, Defendant

27   OFFICER DURAN, #673, comes at Plaintiff aggressively and attempts to take down Plaintiff, to

28   which Plaintiff asked "Why are you being so aggressive?"  Then, Defendant OFFICER DURAN,

— 3 —
**COMPLAINT FOR DAMAGES**

1   #673, violently takes Plaintiff down to the ground, lands on top of Plaintiff and uses head strikes

2   against Plaintiff by punching Plaintiff in the head two times.  Plaintiff told Defendant OFFICER

3   DURAN, #673, "you hit like a bitch."  Defendant OFFICER DURAN, #673, responded by

4   striking Plaintiff several more times to the chest.  Other officers from the EMPD then arrive, and

5   Plaintiff is handcuffed.  Defendants refused to explain to Plaintiff why he was under arrest even

6   though Plaintiff repeatedly requested for an explanation as to why he is being arrested.

7   Defendants refused to answer in violation of California Penal Code § 841, and Plaintiff was taken

8   to the EMPD for booking by Defendant OFFICER RANEER, #664.

9          15.     Defendant OFFICER DURAN, #673, and OFFICER RANEER, #664, realized

10   their actions were unlawful and quickly decided to cover up their illegal behavior and began to

11   fabricate facts and details in an effort to denigrate Plaintiff and put themselves in the best possible

12   but false light, attempting to justify Defendant OFFICER DURAN, #673, use of force,

13   unconstitutional seizure of Plaintiff and his continued detention and arrest, all in violation of

14   Plaintiff's rights against this manner of misconduct under California and federal law.

15          16.     This aforementioned violent attack on Plaintiff caused Plaintiff to sustain

16   substantial physical and emotional injuries.

17          17.     During the entire encounter described above, Plaintiff was not armed and, Plaintiff

18   did not verbally threaten or otherwise attempt to punch, kick, or grab defendant.  At all relevant

19   times, Plaintiff was unarmed and never posed a threat to anyone.

20          18.     In accordance with CITY's custom and practice, Defendant OFFICER DURAN,

21   #673 and OFFICER RANEER, #664, and, DOES 1-50, inclusive, and each of them, willfully

22   falsified crime and arrest reports in violation of California Penal Code section 118.1 by

23   fabricating justifications for the violence inflicted upon Plaintiff.  Defendants' false and

24   misleading crime and arrest reports were accepted at face value by a deputy Los Angeles County

25   District Attorney who on December 6, 2018, filed a misdemeanor complaint alleging Plaintiff had

26   violated Penal Code 148(a) under Case No. 8EM07759.  On or about August 8, 2019, the charge

27   under Penal Code 148(a) was dismissed by the District Attorney, favorably terminating the

28   malicious criminal prosecution against the Plaintiff for charges brought against Plaintiff under

**COMPLAINT FOR DAMAGES**

1  Penal Code 148(a).

2      19.    As a direct result of Defendants' excessive force, cover up, and malicious

3  prosecution, Plaintiff suffered severe pain and suffering, mental anguish, humiliation, and

4  emotional distress.

5                                    **FIRST CAUSE OF ACTION**

6  **Civil Rights Violations—Unreasonable Search & Seizure, Unreasonable Force, Malicious**

7                **Prosecution, Due Process Deprivations (42 U.S.C. § 1983)**

8  **(By Plaintiff Against Defendants OFFICER DURAN, #673, OFFICER RANEER, #664, and,**

9                              **DOES 1-50, inclusive)**

10     20.    Plaintiff re-alleges and incorporates herein by reference each and every allegation

11  and statement contained in the prior paragraphs, as though fully set forth herein.

12     21.    The actions and inactions of Defendants, as described above, deprived Plaintiff of

13  the following clearly established rights under the United States Constitution: the right to be free

14  from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments,

15  the right to be free from excessive and unreasonable force in the course of arrest or detention as

16  secured by the Fourth and Fourteenth Amendments, the right to be free from unlawful, reckless,

17  deliberately indifferent, and conscience shocking force as secured by the Fourteenth Amendment,

18  the right to be free from malicious prosecution as secured by the Fourth and Fourteenth

19  Amendments, and the right to procedural and substantive due process as secured by the

20  Fourteenth Amendment.  Defendants further deprived Plaintiff of due process guarantees of the

21  Fifth and Fourteenth Amendments to the United States Constitution by willfully failing and

22  refusing to comply with Penal Code sections 841 and 832.5.

23     22.    Defendants, and each of them, violated the right of Plaintiff to be secure in his

24  person and property against unreasonable searches and seizures as guaranteed by the Fourth

25  Amendment to the United States Constitution by unreasonably and intentionally jailing Plaintiff

26  knowing he had committed no offense.  Defendants, and each of them, were actively involved in

27  causing Plaintiff to be prosecuted under Penal Code section 148(a) and Vehicle Code section

28  14601.1, or they failed to intervene to prevent these violations, when there were no reasonable

1 | grounds for causing Plaintiff to be prosecuted.

2 |      23.    During all times mentioned herein, Defendants, separately and in concert, acted
3 | under color and pretense of law, under color of the statutes, ordinances, regulations, policies,
4 | practices, customs and usages of their principal, Defendant CITY.  Each of the individual
5 | Defendants herein, separately and in concert, deprived Plaintiff of the rights, privileges and
6 | immunities secured to him by the Fourth and Fourteenth Amendments to the United States
7 | Constitution, and by the laws of the United States.

8 |      24.    The above acts of omissions of Defendants were undertaken while under color of
9 | state law and resulted in the violation of Plaintiff's constitutional rights, as stated herein.

10 |      25.    The actions of Defendants, and each of them, deprived Plaintiff of his right to be
11 | free from state actions that shock the conscience under the Fourteenth Amendment's Due Process
12 | Clause.

13 |      26.    As a result of the conduct of Defendants, and each of them, they are liable for
14 | Plaintiff's injuries, either because they were integral participants in the violations described
15 | herein, or because they failed to intervene to prevent these violations.  Defendants actions and/or
16 | omissions were the direct and proximal cause of Plaintiff's damages.

17 |      27.    As a direct and proximate result of conduct of Defendants, Plaintiff was
18 | substantially physically, mentally and emotionally injured, and endured great physical, mental
19 | and emotional pain and suffering, and incurred other special and general damages and expenses in
20 | an amount according to proof at trial.

21 |      28.    The conduct of Defendants, and each of them, was willful, wanton, malicious and
22 | done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiff
23 | and therefore warrants the imposition of exemplary and punitive damages as to Defendants, and
24 | each of them.

25 |      29.    Accordingly, Defendants, and each of them, are liable to Plaintiff for compensatory
26 | and punitive damages under 42 U.S.C. § 1983.

27 | //

28 | //

**SECOND CAUSE OF ACTION**

*Monell* **Claim (42 U.S.C. §1983)**

**(By Plaintiff Against Defendant CITY)**

30.     Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs, as though fully set forth herein.

31.     Defendant CITY is and at all times herein mentioned has been a public entity and incorporated municipality duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY and the EMPD possessed the power and authority to adopt polices and prescribe rules, regulations and practices affecting the operation of the CITY and of the EMPD and its tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance and the proper application of their powers of arrest by its rank and file, generally.

32.     At all times herein mentioned, Defendants OFFICER DURAN, #673, OFFICER RANEER, #664, and, DOES 1-50, inclusive, and each of them, were employees of the EMPD acting under the CITY's direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the Fourth, Fifth, and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned encouraged the employment, deployment and retention of persons as peace officers who have a propensity for brutality, dishonesty, bias, bigotry, and numerous other serious abuses of their duties as peace officers in the employment of the EMPD and CITY.

33.     Defendant CITY knowingly maintains and permits official *sub-rosa* policies or customs of permitting the occurrence of the kinds of wrongs set forth above, by deliberate indifference to widespread police abuses, failing and refusing to fairly and impartially investigate, discipline or prosecute officers who commit acts of violence, dishonesty and crimes under color of law, each ratified and approved by the EMPD.

34.     On and for some time prior to September 30, 2018 (and continuing to the present date) Defendant CITY, deprived Plaintiff of the rights and liberties secured to him by the Fourth,

— 7 —

1   Fifth, and Fourteenth Amendments to the United States Constitution, in that said defendants and

2   their supervising and managerial employees, agents, and representatives, acting with gross

3   negligence and with reckless and deliberate indifference to the rights and liberties of the public in

4   general, of Plaintiff, and of persons in his class, situation and comparable position in particular,

5   knowingly maintained, enforced and applied an official recognized CITY custom, policy, and

6   practice of, or ratified, directed, encouraged, and/or allowed the following:

    (a)   Defendant CITY had knowledge, prior to and since this incident, of repeated allegations of abuse misconduct toward detainees and arrestees; specifically, CITY knew Defendants OFFICER DURAN, #673, OFFICER RANEER, #664, and, DOES 1-50, inclusive, and each of them, had in the past and since Plaintiff's incident, committed similar acts of violence, dishonesty and abuse, thereby enabling Defendants to continue to violate the constitutional rights of the Plaintiff in 2018 and thereafter;

    (b)   Defendant CITY had knowledge, prior to and since this incident, of similar allegations of violence, abuse and dishonesty by Defendants, and refused to enforce established administrative procedures to insure the safety of detainees and arrestees;

    (c)   Defendant CITY and EMPD refused to adequately discipline individual officers and employees found to have committed similar acts of abuse and misconduct;

    (d)   Defendant CITY and EMPD refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by Department employees;

    (e)   Defendant CITY and EMPD reprimanded, threatened, intimidated, demoted and fired officers who courageously reported acts of abuse by other officers;

    (f)   Defendant CITY and EMPD covered up acts of misconduct and abuse by CITY officers and sanctioned a code of silence by and among officers and management;

    (g)   Defendant CITY and EMPD knew of and sanctioned the custom and practice of falsely seizing and arresting victims of officer physical abuse;

— 8 —

(h)  Defendant CITY and EMPD failed to adequately supervise the actions of officers under their control and guidance;

(i)  Defendant CITY and EMPD historically condone and encourage systemic conspiracy of silence among its employees for the purpose of concealing and further wrongful and illegal conduct by its employees;

(j)  Defendant CITY and EMPD fail and refuse to comply with California Penal Code Sections 841, 832.5, and 12201(e) by withholding from the California Department of Justice, known citizen complaints of officer misconduct, thereby evading the Department's statutory duty  to report all known citizen complaints to the California Department of Justice and to mislead the Department of Justice with substantial under reporting of known citizen complaints, including the Plaintiff;

(k)  Defendant CITY and EMPD fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by September 30, 2018, and thereafter, represented the unconstitutional policies practices and customs of the CITY and EMPD.

35.  By reason of the aforementioned policies and practices of Defendant CITY and EMPD, Plaintiff has suffered severe pain and suffering, mental  anguish, humiliation, and emotional distress.

36.  Defendant CITY and the EMPD, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff, and other individuals similarly situated.

37.  By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendant CITY and EMPD acted with an intentional, reckless, and callous disregard for the well being of Plaintiff and his  constitutional as well as human rights.  Defendant

1   CITY and EMPD and each of their actions were willful, wanton, oppressive, malicious,

2   fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

3      38.    Furthermore, the policies, practices, and customs implemented and maintained and

4   still tolerated by Defendant CITY and EMPD were affirmatively linked to and were a

5   significantly influential force behind the Plaintiff's injuries.

6      39.    By reason of the aforesaid policies, customs, practices and usages, Plaintiff's

7   Fourth, Fifth, and Fourteenth Amendments to the United States Constitution were violated.  Said

8   customs, policies, practices and usages at all times herein mentioned violated constitutional rights

9   including those of the Plaintiff.

10     40.    By reason and pursuant to the aforesaid policies, practices, customs, and usages,

11  Plaintiff's aforementioned constitutional rights were deprived and Plaintiff proximately suffered

12  special and general damages in an amount to be proved at trial.

13     41.    Accordingly, Defendant CITY is liable to Plaintiff for compensatory damages

14  under 42 U.S.C. § 1983.

15                          **PRAYER FOR DAMAGES**

16     WHEREFORE, Plaintiff hereby prays for judgment against Defendants, and each of them,

17  as follows:

18  1.  For general damages (also known as non-economic damages), in an amount in excess of the

19      jurisdictional minimum, according to proof;

20  2.  For special damages (also known as economic damages), in excess of the jurisdiction

21      minimum, according to proof;

22  3.  For punitive damages (also known as exemplary damages) as provided by law, in an amount

23      to be proved against each individual Defendant;

24  4.  For attorney's fees pursuant to 42 U.S.C. § 1988;

25  5.  For prejudgment interest, according to proof;

26  6.  For any recoverable costs of suit incurred herein, according to proof; and,

27  //

28  //

1    7.   For such other and further relief as the Court may deem just and proper.

2

3

4    Dated:  December 31, 2019    By:        **THE LAW OFFICE OF KEVIN S. CONLOGUE**

5

6

7                                                    Kevin S. Conlogue, Esq.
                                                     *Attorney for Plaintiff*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>DEMAND FOR JURY TRIAL</u>

2
Plaintiff hereby demands a trial by jury as to all causes of action.

3

4
Dated:  December 31, 2019    By:    **THE LAW OFFICE OF KEVIN S. CONLOGUE**

5

6

7
Kevin S. Conlogue, Esq.
*Attorney for Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Officer Duran, #673; Officer Raneer, #664; City of El Monte; and,
Does 1-50, inclusive

RECEIVED
CITY CLERK'S OFFICE

2020 JAN -8 P 12: 34

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Lee Montes

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Stanley Mosk Courthouse
111 N. Hill Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso)*

**19STCV47013**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Office of Kevin S. Conlogue, 292 S. La Cienega Blvd., Ste. 207, Beverly Hills, CA 90211, (213) 255-8837

Sherri R. Carter Executive Officer / Clerk of Court

DATE: 12/31/2019
*(Fecha)*

Clerk, by Heather A. Flores-Hernandez , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Officer Raneer, # 664
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☒ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 1-8-2020

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and am not a party to the within action.  My business address is 500 South Grand Avenue - 12th Floor, Los Angeles, CA 90071.

     On January 15, 2020, I served a true and correct copy of the foregoing document entitled:

### NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)

on the interested parties in this action by placing the document in a sealed envelope and addressed as follows:

| | |
|---|---|
| Kevin S. Conlogue<br>The Law Offices of Kevin S. Conlogue<br>292 S. La Cienega Blvd.<br>Suite 207<br>Beverly Hills, CA  90211 | Attorneys for Plaintiffs<br>Tel:   (213) 255-8837<br>Fax:   (213) 477-2069 |
| Clerk of the Los Angeles Superior Court<br>111 North Hill Street<br>Los Angeles, CA  90011 | |

☒    **BY MAIL:**  I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Los Angeles, CA.

☒    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose discretion the service was made.  I declare under penalty of perjury that the above is true and correct.

Executed on January 15, 2020, at Los Angeles, CA.

Marti Hale
Printed Name

Signature

NOTICE OF REMOVAL