Kevin S. Conlogue, SBN 285277
(Kevin@LOKSC.com)
**THE LAW OFFICE OF KEVIN S. CONLOGUE**
292 S. La Cienega Blvd., Ste. 207
Beverly Hills, CA 90211
Tel:   (213) 255-8837
Fax:   (213) 477-2069

Attorney for Plaintiff
LEE MONTES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE MONTES,<br><br>　　　Plaintiff,<br><br>v.<br><br>OFFICER DURAN, #673; OFFICER RANEER, #664; CITY OF EL MONTE; and, DOES 1-50, inclusive,<br><br>　　　Defendants. | CASE NO.: 2:20-cv-00468-MCS-RAO<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 1—EXCLUDE ANY EVIDENCE OF PLAINTIFF'S PRIOR ARRESTS AND CONVICTIONS**<br><br>Pretrial Conference<br>Date:   April 19, 2021<br>Time:   2:00 p.m.<br>Judge:  Mark C. Scarsi<br><br>Trial<br>Date:   May 4, 2021<br>Time:   8:30 a.m.<br>Judge:  Mark C. Scarsi |

**TO THE COURT, THE PARTIES, AND THE ATTORNEYS OF RECORD:**

COMES NOW Plaintiff Lee Montes ("Plaintiff") and moves the Court *in limine* for an order instructing Defendants, Defendants' counsel, and witnesses on the following matters:

1. To exclude any and all evidence Plaintiff's prior arrests and convictions; and
2. To direct Defendants and Defendants' counsel to caution, warn, and instruct its witnesses to not make any references to such evidence, and to follow the same order.

During the meet and confer process pursuant to Local Rule 7.3 on March 10, 2021, Defendants' counsel indicated that they would likely oppose this motion but will review the motion once filed.  Conlogue Decl. ¶ 3.

Date: March 29, 2021          **THE LAW OFFICE OF KEVIN S. CONLOGUE**

                              By:   /s/Kevin S. Conlogue
                                    Kevin S. Conlogue
                                    Attorney for Plaintiff, LEE MONTES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

This case arises from the excessive force used by Defendant Officer Duran of the El Monte Police Department ("EMPD") during the detention and arrest of Plaintiff on September 30, 2018. From the incident, Defendant Duran used force against Plaintiff, and arrested Plaintiff for allegedly violating Penal Code § 148(a)—obstructing a peace officer. All charges were later dropped by the District Attorney's Office. Plaintiff now seeks redress for his claims of unreasonable seizure, excessive force, and malicious prosecution against Defendant Duran pursuant to 42 U.S.C. § 1983 and *Monell* claim against Defendant City of El Monte.

During discovery, evidence came forth that Plaintiff has been arrested on numerous other occasions, was convicted in 2012 for domestic violence, was convicted around 2006 for possession of a concealed weapon, was convicted around 2005 for a hit and run accident, and was convicted around 2005 for credit card fraud. Additionally, Plaintiff has been diagnosed with bipolar disorder and PTSD.

Said arrests and convictions are irrelevant to the issues presented in this lawsuit, are not probative of truthfulness and untruthfulness, are to attenuated in time, and probative value does not substantially outweigh the prejudicial effect. As such, said evidence should be excluded at trial.

### II. Argument

Federal Rule of Evidence 402 provides in relevant part, "[i]rrelevant evidence is not admissible." Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Huddleston v. U.S.*, 485 U.S. 681, 682–92.

The court may exclude relevant evidence under Federal Rule of Evidence 403 if its probative value is substantially outweighed by a danger of one or more of the

following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.
*See Old Chief v. U.S.*, 519 U.S. 172, 180–92 (1997).

Federal Rule of Evidence 608 allows examination of a witness's specific instances of conduct "to be inquired into **if** they are probative of the character for truthfulness or untruthfulness of the witness." Fed. R. Evid. rule 608(b) (emphasis added) (internal marks omitted).

And, arrests are not relevant for truthfulness or impeachment purposes. *Barber v. City of Chicago*, 725 F.3d 702, 707–11 (7th Cir. 2013) (providing that when plaintiff testified that he does not drink, it was improper to allow him to be impeached by evidence of an arrest for underage drinking); *Smith v. Baltimore City Police Department*, 840 F.3d 193, 201–03 (4th Cir. 2016) (providing that evidence of the plaintiff's prior arrest was not relevant to the issue of damages, was unfairly prejudicial, and represented improper propensity evidence); *U.S. v. Estrada*, 430 F.3d 606, 614–15 (2d Cir. 2005) (providing that a witness' larceny conviction is not automatically admissible for impeachment as a crime of dishonesty).

Here, Plaintiff's arrests and convictions are not for crimes of dishonesty, save the credit card fraud conviction. Arrests in themselves are inadmissible, and the convictions for domestic violence, possession of a concealed weapon, and hit and run have no bearing on veracity or impeachment, and thus must be excluded.

As for credit card fraud, the circumstances are well over ten (10) years ago. This remoteness in time is highly prejudicial, and no amount of probative value can substantially outweigh its prejudicial effect. Fed. R. Evid. 609(b) (providing convictions over ten years ago are admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect"); *see* S.Rep. No. 1277, 93d Cong., 2d Sess., p. 15 (1974) (providing Congress intended that convictions over ten years old to be admitted "very rarely and in exceptional circumstances"); *see also U.S. v. Estes*, 994 F.2d 147, 149 (5th Cir.

1993) (holding a conviction over ten years old is presumptively prejudicial); *U.S. v. Rodriguez-Garcia*, 983 F.2d 1563, 1571 (10th Cir. 1993) (stating a sixteen year old conviction is too remote).

Any attempt by Defendants to introduce evidence of any prior convictions or arrests of Plaintiff would simply be to show general "bad moral character" and to impassion the jury, which is impermissible. *Wolcher v. U.S.*, 200 F.2d 493, 497–98 (9th Cir. 1952).

As such, any arrest and conviction of Plaintiff is irrelevant, highly prejudicial, has no bearing on credibility, and should be excluded at trial.

### III. Conclusion

As a result of the foregoing, Plaintiff will be unfairly prejudiced and denied a fair trial unless if the foregoing evidence is excluded.

Date: March 29, 2021			THE LAW OFFICE OF KEVIN S. CONLOGUE

					By: /s/Kevin S. Conlogue
					     Kevin S. Conlogue
					     Attorney for Plaintiff, LEE MONTES