Kevin S. Conlogue, SBN 285277
(Kevin@LOKSC.com)
**THE LAW OFFICE OF KEVIN S. CONLOGUE**
292 S. La Cienega Blvd., Ste. 207
Beverly Hills, CA 90211
Tel:   (213) 255-8837
Fax:   (213) 477-2069

Attorney for Plaintiff
LEE MONTES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE MONTES,<br><br>     Plaintiff,<br><br>v.<br><br>OFFICER DURAN, #673;<br>OFFICER RANEER, #664; CITY OF EL MONTE; and, DOES 1-50, inclusive,<br><br>     Defendants. | CASE NO.: 2:20-cv-00468-MCS-RAO<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 3—EXCLUDE ANY EVIDENCE OF PLAINTIFF'S EMPLOYMENT HISTORY**<br><br>Pretrial Conference<br>Date:   April 19, 2021<br>Time:   2:00 p.m.<br>Judge:  Mark C. Scarsi<br><br>Trial<br>Date:   May 4, 2021<br>Time:   8:30 a.m.<br>Judge:  Mark C. Scarsi |

**TO THE COURT, THE PARTIES, AND THE ATTORNEYS OF RECORD:**

COMES NOW Plaintiff Lee Montes ("Plaintiff") and moves the Court *in limine* for an order instructing Defendants, Defendants' counsel, and witnesses on the following matters:

1.     To exclude any and all evidence Plaintiff's employment history; and

— 1 —
PLAINTIFF'S MOTION IN LIMINE NUMBER 3

2. To direct Defendants and Defendants' counsel to caution, warn, and instruct its witnesses to not make any references to such evidence, and to follow the same order.

During the meet and confer process pursuant to Local Rule 7.3 on March 10, 2021, Defendants' counsel indicated that they would likely oppose this motion but will review the motion once filed. Conlogue Decl. ¶ 3.

Date: March 29, 2021    THE LAW OFFICE OF KEVIN S. CONLOGUE

By:   /s/Kevin S. Conlogue
Kevin S. Conlogue
Attorney for Plaintiff, LEE MONTES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

This case arises from the excessive force used by Defendant Officer Duran of the El Monte Police Department ("EMPD") during the detention and arrest of Plaintiff on September 30, 2018. From the incident, Defendant Duran used force against Plaintiff, and arrested Plaintiff for allegedly violating Penal Code § 148(a)—obstructing a peace officer. All charges were later dropped by the District Attorney's Office. Plaintiff now seeks redress for his claims of unreasonable seizure, excessive force, and malicious prosecution against Defendant Duran pursuant to 42 U.S.C. § 1983 and *Monell* claim against Defendant City of El Monte.

As part of his damages, Plaintiff is not claiming lost earnings from this incident.

As such, Plaintiff's employment history is irrelevant to the issues presented in this lawsuit, and should be excluded at trial.

### II. Argument

Federal Rule of Evidence 402 provides in relevant part, "[i]rrelevant evidence is not admissible." Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Huddleston v. U.S.*, 485 U.S. 681, 682–92.

And, the court may exclude relevant evidence under Federal Rule of Evidence 403 if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See Old Chief v. U.S.*, 519 U.S. 172, 180–92 (1997).

Most importantly, a party's financial condition is not relevant when there are no viable claims against that party for exemplary damages. *See, e.g., Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).

Here, Plaintiff is not claim lost earnings as part of his damages. Thus, his employment history is irrelevant and should be excluded at trial.

### III. Conclusion

As a result of the foregoing, Plaintiff will be unfairly prejudiced and denied a fair trial unless if the foregoing evidence is excluded.

Date: March 29, 2021              THE LAW OFFICE OF KEVIN S. CONLOGUE

                                                    By:   /s/Kevin S. Conlogue
                                                          Kevin S. Conlogue
                                                          Attorney for Plaintiff, LEE MONTES